---
Young *v.* Thayer.
---

(*a.*) See *Supra,* p. 131.

---

YOUNG *v.* THAYER AND BRYAN.

Where a presiding judge certifies that the attestation of a record made by a deputy clerk, in the name of his principal, is in due form of law, it is sufficient, without going behind the certificate, to inquire whether a deputy has a right to so attest a writ by the laws of his state. It is the office of such a certificate to advise courts of other states that such authentication is in due form of law.

By pleading to the merits, a party waives a defect, such as a variation between the transcript described in the declaration, and the one offered in evidence.

The certificate of a presiding judge in Indiana, relative to proceedings before his predecessor, held to be admissible.

ERROR, *to Lee District Court.*

This was an action of debt against John M. Young, on the record of a judgment from the state of Indiana. Plea, *nul tiel record.* Judgment for the plaintiffs. It is objected that the transcript of the judgment was not properly authenticated, nor correctly described, and therefore erroneously admitted in evidence. The particulars of the objection are shown sufficiently in the opinion of the court.

Young *v*. Thayer.

*George C. Dixon*, for the plaintiff in error.

*Hugh T. Reid*, for the defendants.

*Opinion by* HASTINGS, C. J.   The plaintiff in error files the following assignment of errors:

1. The court erred in admitting in evidence, in the cause, the papers purporting to be a record, or transcript of a judgment, the same being insufficiently authenticated, and therefore not admissible in evidence.

2. The court erred in admitting in evidence, in the cause, the papers purporting to be a transcript or record of a judgment recovered against the plaintiffs in error, in Jefferson county, Indiana, because the same does not appear to be the transcript or record described in the plaintiff's declaration in the cause, and therefore not admissible in evidence.

3. That said judgment was given in favor of the said defendants in error, when, by the laws of the land, it ought to have been given in favor of said plaintiff in error.

The question presented in the first assignment of errors is, was the transcript referred to sufficiently authenticated?

The transcript was authenticated as follows:

" The State of Indiana, } ss.
    Jefferson county.   }

"I, John H. Taylor, clerk of the circuit court of said county, do hereby certify the foregoing to be a true, full, and complete transcript of the record of the judgment and proceedings had in the foregoing case, as appears by the record thereof remaining in my office.

(SEAL.)   In testimony whereof I have hereunto set my hand and seal of said court, at Madison, this 12th day of December, A. D. 1845.

JOHN H. TAYLOR, *Clk.*
By BEN. B. TAYLOR, *D. C.*

"State of Indiana,  }
  Jefferson county.  } ss.

        "I, Courtland Cushing, president judge of the third judicial circuit of Indiana, including the said county of Jefferson, do certify that John H. Taylor, Esq., whose name is signed to the foregoing certificate, was, at the date thereof, and still is, clerk of the said Jefferson circuit court. That the said Benjamin B. Taylor was and is deputy; and that said certificate is in due form of law."

The act of congress, relative to the authentication of records, provides that "the records and judicial proceedings of the courts of any state, shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the said attestation is in due form of law."

The name of the clerk is affixed to the attestation by his deputy; and it must be presumed that such an attestation is authorized by the laws of Indiana, from the certificate of the presiding judge, who certifies that said certificate is in due form of law. And we will not go behind the certificate of the judge to inquire into the power of the deputy to issue writs, and sign certificates in the name of his principal. Under the laws of Indiana, the office of a presiding judge's certificate being to advise a court of another state that such attestation is in due form of law.

It is true, that it has been held, that an attestation by an under clerk is not sufficient, nor would an attestation of a deputy, in his own name; but the attestation in this case is in the name of the clerk, by an officer of the law, we presume duly authorized.

As to the second error assigned. We see nothing in the record which shows a variance between the transcript described in the declaration and the transcript introduced as evidence in this case. The declaration commences thus: "Martin Thayer and George S. Bryan, merchants and surviving part-

ners of the late firm of Thayer, Bryan, and McKee, plaintiffs, complain of John M. Young, defendant, &c. For that whereas the said Thayer and Bryan," &c. The words, "the said Thayer and Bryan," refer to the plaintiffs, as described in the commencement of the declaration. And the plaintiffs in the declaration, in this case, are described in the same manner as the plaintiffs in the transcript of the record from Indiana. Besides, such a defect, (if a defect at all,) could only be taken advantage of on demurrer. The defendant waived the objection by his pleadings.

It appears that the judgment in Indiana was rendered before the Hon. Miles C. Eggleston, the then presiding judge of the third judicial circuit; and the transcript is certified by the Hon. Courtland Cushing, the then presiding judge of the same judicial circuit, who certifies that Jefferson county is in said judical circuit. We see no objection to the form or substance of this certificate; and are of opinion that the court below did not err, as alleged in plaintiff's assignments of error, and therefore the judgment of the district court in this case is affirmed.

Judgment affirmed.